**Fourth Court of Appeals**
San Antonio, Texas


## MEMORANDUM OPINION

No. 04-12-00735-CR
No. 04-12-00736-CR

Albert **NICHOLAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court Nos. B93-6 & B93-7
Honorable Rex Emerson, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Sandee Bryan Marion, Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  December 11, 2013

MOTION TO DISMISS GRANTED; APPEALS DISMISSED FOR LACK OF JURISDICTION

In these appeals, appellant, Albert Nicholas, raises three complaints related to the trial court's purported denial of his motion for DNA testing and one complaint related to the clerk's record on appeal.  The State filed a motion to dismiss, which we grant.

## DISCUSSION

In 1993, appellant pled guilty—in six different trial cause numbers—to two counts of conspiracy to commit sexual assault of a child, three counts of indecency with a child, two counts of aggravated sexual assault of a child, and one count of incest.  On appeal, this court vacated the

convictions and sentences for indecency with a child in count two of trial cause numbers B93-6 and B93-7. The remainder of these judgments and the judgments in the other four cause numbers were affirmed. *See Nicholas v. State*, Nos. 04-94-00849-CR – 04-94-00854-CR, 1996 WL 93777 (Tex. App.—San Antonio Mar. 6, 1996, pet. ref'd) (mem. op., not designated for publication).

On February 20, 2001, appellant filed a pro se "Motion to Preserve Evidence for DNA Testing" in which he noted "that in the near future the Texas Legislature will pass an Act that will make available to [him] DNA testing that would support his actual innocence . . . ."[1] Appellant, therefore, asked the trial court to "issue the necessary orders to the Sheriff of Kerr County who now has custody and control of that evidence to preserve the same until such time as [appellant] may petition the Court with the appropriate Act by name and number that would enforce his contention of his entitlement for DNA testing that was unavailable but because of the Act will now allow DNA testing to support his contention of innocence." This motion was filed in only two trial cause numbers: B93-3 and B93-4.

On March 12, 2001, the State filed a response to appellant's motion and asked that the motion be denied on the grounds that, among other things, the State no longer had the items appellant wanted preserved. Several years later, on March 17, 2009, the trial court sent a letter to the appellant enclosing a copy of the State's response and stating as follows:

> As you will recall, there was no evidence taken that was subject to DNA testing. You pled guilty to the charges as explained in the District Attorney's response dated March 12, 2001. Because there was no evidence subject to DNA testing; the Court took no further action on your 2001 motion. Since this was disposed o[f] in 2001, this Court no longer has jurisdiction over this case.

---

[1] Appellant was referring to Texas Code of Criminal Procedure Chapter 64, which became effective on April 5, 2001 and allows a convicted person to file "a motion for forensic DNA testing of evidence containing biological material." TEX. CODE CRIM. PROC. ANN. art. 64.01 (West Supp. 2013).

On September 19, 2012, appellant sent a letter to the trial court. The letter again referenced only two trial cause numbers, this time B93-6 and B93-7, and stated:

> On March 17, 2009, you sent me a letter concerning my request for DNA Testing.
>
> You stated in the letter that there was no evidence subject to DNA Testing.
>
> Despite your letter, I must have a ruling either granting or denying DNA Testing so that I may appeal pursuant to Tex. Code Crim. Proc. art. 64.05 as your letter does not constitute a[n] appealable order.

On October 11, 2012, the trial court signed an "Order on Motion for DNA Testing" in cause numbers B93-6 and B93-7, in which the trial court stated as follows:

> On October 10, 2012, came to be heard [appellant's] February 20, 2001 Motion for DNA Testing.
>
> The Court finds that the evidence, if any, does not exist and Hereby Denies Defendant's Motion for DNA Testing.

Appellant filed the underlying appeal from this order. The State has filed a motion to dismiss arguing this court lacks jurisdiction over these appeals. We agree with the State.

Appellant's February 20, 2001 motion is not a motion requesting DNA testing. Instead, in the motion, appellant asked the trial court to issue the appropriate orders to preserve evidence. Even on appeal, appellant refers only to his "Motion to Preserve Evidence for DNA Testing." Also, this motion was filed in trial cause numbers B93-3 and B93-4. The record on appeal does not contain any motion either to preserve evidence or for DNA testing in trial cause numbers B93-6 or B93-7. Therefore, it appears the trial court mistakenly referred to a "Motion for DNA Testing" when, in fact, it meant the "Motion to Preserve Evidence for DNA Testing." It also appears the trial court repeated the cause number error by issuing its order in cause numbers B93-6 and B93-7, rather than in cause numbers B93-3 and B93-4.

This court has jurisdiction to consider an appeal from an order denying a motion for forensic DNA testing. However, several requirements must be met in order to obtain DNA testing

under Chapter 64. TEX. CODE CRIM. PROC. ANN. art. 64.03(a) (West Supp. 2013). The convicting court may order forensic DNA testing only if the statutory preconditions are met. *Id.*; *Bell v. State*, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002). Because the record on appeal does not contain a motion for forensic DNA testing in any trial cause number and because appellant's brief as well as the appellate record clearly demonstrate only one motion was ever filed—to preserve evidence—in cause numbers B93-3 and B93-4, none of the Chapter 64 requirements were satisfied. Therefore, we do not have jurisdiction over what appears to be a trial court order that mistakenly denies a non-existent motion. To the extent appellant wishes to appeal the trial court's denial of his motion to *preserve* evidence, only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from a final felony conviction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991); *see also Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding Texas Code of Criminal Procedure article 11.07 provides exclusive means to challenge a final felony conviction).

## CONCLUSION

For the reasons stated above, we grant the State's motion to dismiss and we dismiss these appeals for lack of jurisdiction.

Sandee Bryan Marion, Justice

Do not publish